UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOSTER CHAMBERS,            )<br>                             )<br>     Plaintiff,             )<br>                             )     No. 22-cv-6008<br>     v.                      )<br>                             )     Judge Jeffrey I. Cummings<br>VILLAGE OF OAK PARK          )<br>                             )<br>     Defendant.              )<br>                             ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Foster Chambers brings this lawsuit against defendant Village of Oak Park for alleged Equal Protection violations on a "class of one" theory, actionable under 42 U.S.C. §1983. Before the Court is defendant's motion to dismiss Chambers' Fourth Amended Complaint. (Dckt. #93). For the reasons that follow, defendant's motion is granted and Chambers' claims against defendant are dismissed with prejudice.

I. BACKGROUND

Pro se plaintiff Foster Chambers ("Chambers") filed this action on November 1, 2022 against defendant Village of Oak Park (the "Village") and several Village employees. (Dckt. #1). Chambers subsequently amended his complaint four times; twice as a purported matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) and twice with leave of Court. (Dckt. #17, #37, #58, #78).

1

**A. This Court Dismissed Chambers' Third Amended Complaint ("TAC")**

On July 3, 2024, this Court entered a memorandum opinion and order (the "July 2024 Opinion") granting defendants' motion to dismiss the TAC.[1] (Dckt. #78). This Court held that all of Chambers' claims that accrued prior to November 1, 2020 were time-barred under Illinois' two-year statute of limitations for tort claims under §1983. (Dckt. #79 at 8–10). In support of its holding, this Court explained that the statute of limitations for a §1983 claim accrues when the plaintiff knew or should have known of his injury, (*id.* at 8) (citing *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 805 (7th Cir. 2008)), such that each fine and citation Chambers received from the Village produced a separate and distinct injury that Chambers knew of on the date he received the fine or citation. (*Id.* at 9). Consequently, this Court dismissed all of Chambers' claims that accrued prior to November 1, 2020, (two years before he filed his first complaint) with prejudice. (*Id.* at 10). Included in this dismissal were Chambers' claims which began to accrue in February 2019, after a confrontation at one of his properties with Steve Cutia, who serves as the Head Building Inspector for the Village. (*Id.*)

This Court also dismissed the class-of-one claims raised in the TAC to the extent that they were based on Chambers' admitted violations of the Village's Code and rules. (*Id.* at 10–13). Citing Seventh Circuit law, this Court explained that "class-of-one claimants carry a heavy burden," (*id.* at 11) (citing *FKF J, Inc. v. Vill. of Worth*, 11 F.4th 574, 588 (7th Cir. 2021)) (cleaned up), and that "plaintiffs can plead themselves out of court if their complaint reveals a potential rational basis for the actions of local officials," (*id.*) (citing *Miller v. City of Monona*, 784 F.3d 1113, 1119 (7th Cir. 2015)) (cleaned up). In the TAC, Chambers alleged and thereby

---

[1] The TAC named the Village, Tammy Grossman, Kevin Jackson, Stacy Dexter, and Steve Cutia as defendants. The Court incorporates by reference the recitation of the allegations of the TAC described in the July 2024 Opinion. (Dckt. #79).

admitted that he was fined and issued citations for violations of the Village's Code and rules related to the location of porta potties on his properties, his failure to obtain proper fencing for his properties, his continued work under permits that expired due to inactivity, his failure to properly cut grass, his receipt of a dumpster on his property without a permit, and his failure to obtain Cook County Demo Permits. (*Id.* at 12). This Court found that the Village's issuance of fines and citations for Chambers' violations had a rational basis even if—as Chambers alleged— the Village began acting against Chambers after his confrontation with Cutia in 2019. (*Id.*).

Finally, this Court dismissed with prejudice Chambers' claims against Kevin Jackson, who Chambers named as a defendant, but did not otherwise mention in the TAC. (*Id.* at 13–14).

### B. This Court Granted Chambers One Last Opportunity to Properly Allege a Class-of-One Claim Based on Specific Allegations

In its July 2024 Opinion, this Court granted Chambers one last opportunity to properly allege a class-of-one claim in light of the allegations in the TAC that Chambers was fined on at least one occasion in an amount four times what was provided for by the Village's Code. (*Id.* at 13) (citing Dckt. #66 at 9–10). The Court cautioned that it "w[ould] be Chambers final opportunity to amend his complaint." (*Id.* at 14). Imbedded in the Court's decision to give Chambers the opportunity to continue his lawsuit was the requirement that Chambers should only amend his allegations if he could do so in compliance with the reasonable inquiry requirements of Federal Rule of Civil Procedure 11, both with respect to the nature of his claim, and the timing—i.e., the relevant events took place after November 1, 2020, such that they are not time-barred. (*Id.* at 14) ("The Court grants Chambers's request to amend his complaint . . . in a manner that is consistent with this ruling *if he is able to do so*.") (emphasis added).

3

### C. Chambers' Fourth Amended Complaint ("FAC")

On July 23, 2024, Chambers filed his FAC (the operative complaint for present purposes), naming only the Village as a defendant. (Dckt. #83). The FAC pleads a single cause of action pursuant to 42 U.S.C. §1983—that the Village subjected Chambers to unequal treatment in violation of the Equal Protection Clause of the Fourteenth Amendment through selective enforcement of Village Code requirements. (*Id.*). The FAC does not replead the relevant allegations from the TAC—nor does it include any new allegations—that the Village subjected Chambers to fines in excess of amounts provided in the Village Code.

## II. LEGAL STANDARD

The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss a complaint pursuant to Rule 12(b)(6) if it "fails to state a claim upon which relief can be granted," and such a motion tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 887 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hess v. Garcia*, 72 F.4th 753, 758 (7th Cir. 2023) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). Plausibility is not satisfied by mere "labels and conclusions," "formulaic recitation of the elements of a cause of action," or facts "merely consistent" with a defendant's liability. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 555 (2007).

The Court "must draw all reasonable inferences in favor of the non-moving party," *Vesuvius USA Corp., v. Am. Com. Lines, LLC*, 910 F.3d 331, 334–35 (7th Cir. 2018), and,

4

moreover, "is obligated to liberally construe a pro se plaintiff's pleadings," *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (citations omitted); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Still, plaintiffs can plead themselves out of court by alleging facts that foreclose relief. *See Miller*, 784 F.3d at 1121; *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

### III. DISCUSSION

The Village argues that the FAC should be dismissed because Chambers failed to cure the pleading defect identified by the Court in its July 2024 Opinion. (Dckt. #94 at 4). The Court agrees.

#### A. The FAC Fails to Properly Allege a Class-of-One Theory Under the Narrow Path Defined by this Court in the July 2024 Opinion

In its July 2024 Opinion, this Court largely dismissed the TAC with prejudice based on a number of incurable deficiencies, but granted Chambers one final attempt to properly allege a class-of-one claim. Again, as explained in the July 2024 Opinion, the Court granted Chambers the opportunity to file an amended complaint based on his allegations that he was fined, on at least one occasion, in an amount that was four times what was provided for by the Village's Code. (Dckt. #79 at 13).

Yet, the FAC does not (and perhaps, in compliance with Rule 11, could not) include any allegations that Chambers was subject to fines in excess of the amounts provided in the Village Code. In fact, the FAC does not even replead the allegations regarding excess fines set out in the TAC. Instead, it only re-raises Chambers' class-of-one subjective enforcement theories that this Court previously rejected. As a result, the FAC must be dismissed. *See e.g.*, *Dickman v. Rosado*, No. 16 C 9448, 2019 WL 3728698, at *2–3 (N.D.Ill. Aug. 1, 2019) (granting motion to dismiss plaintiffs' third amended complaint, with prejudice, based on plaintiffs' repeated failures

5

to cure their pleading deficiencies); *Dodson v. Menard Correctional Center*, Case No. 14–cv–00109–JPG, 2014 WL 1491241 (S.D.Ill. Apr. 16, 2014) (dismissing a pro se plaintiff's amended complaint with prejudice where the amended complaint failed to cure the deficiencies with the original complaint identified by the court).

Chambers' opposition brief does not point the Court to the relevant allegations in the FAC, or otherwise respond to the Village's argument that he failed to cure the pleading defect identified by the Court. (Dckt. #100). Accordingly, Chambers has forfeited any arguments he might have had against dismissal. *See Lekas v. Briley,* 405 F.3d 602, 614–15 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived.").

### B. Chambers Has Not Pled a Claim Under the Class-of-One Standard

Chambers argues that the Village's motion to dismiss should be denied for a number of reasons, including that he has stated a plausible class-of-one equal protection claim. (Dckt. #100). In support of his arguments, however, Chambers once again relies on claims that are either time-barred (i.e., occurred before November 1, 2020) or based on admitted violations of the Village's Code and rules (e.g., concerning the location of porta potties on his properties, his failure to obtain proper fencing for his properties, his failure to obtain Cook County demo permits, etc.). (*See generally* Dckt. #79). These arguments are duplicative of the arguments Chambers previously raised in opposition to defendants' motion to dismiss the TAC. These arguments have been considered and rejected by this Court. (*Id.*).

Because Chambers has not plead any claim under the exacting standard of a class-of-one, *FKF J, Inc.*, 11 F.4th at 588, his claims against the Village are dismissed with prejudice, *see e.g.*, *Kopp*, 725 F.3d at 687 (affirming the district's court decision to dismiss a class-of-one equal

6

protection claim where the complaint failed to state an equal protection claim); *McCarthy v. Vill. of Barrington*, No. 17 C 5594, 2018 WL 2305707 at *6 (N.D.Ill. May 21, 2018) (dismissing plaintiff's class-of-one claims with prejudice where the allegations "d[id] not fit the carefully-defined boundaries for class-of-one claims . . ."). In light of this Court's finding that dismissal is proper because the FAC fails to properly allege a class-of-one theory consistent with the July 2024 Opinion, or any class-of-one claim, the Court need not address the parties' remaining arguments on the Village's motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Dckt. #93) is granted. Plaintiff Foster Chambers' claims against Defendant Village of Oak Park are dismissed with prejudice.

**Date: November 12, 2024**

_____
**Jeffrey I. Cummings
United States District Court Judge**